Joseph A. Cox, S.
The executors herein seek a determination of the meaning and legal effect of Paragraph Third of the decedent’s will which reads as follows:
u third: I hereby order and direct that my Executors shall pay for the cost and expense of constructing and creating such headstone or monument upon my grave as may be selected by them.
“ If during my lifetime I shall not have deposited with the cemetery corporation owning the cemetery in which the plot owned by me may be located, a sum of money for the perpetual care of said plot and of the plot in which my deceased husband, marcus diamond, is buried, I direct my Executors, as a part of *103 my funeral expenses, to deposit with the said cemetery corporation such an amount as in the opinion of my Executors shall he proper, in trust, to expend the net income therefrom for the preservation, care and embellishment in perpetuity of the said plots, for the preservation and carp of any tomb, mausoleum, monument or other structure created thereon and for the cultivation and keeping in order of any trees, grass or shrubbery on the said plots or adjacent or appertaining to them. The receipt of the said cemetery association for such amount shall be a complete discharge to my Executors.”
The facts are that the testatrix owned no grave or plot at the time of her death and that she and her husband are buried in two graves of a 16-grave plot owned by her son and son-in-law. It is the contention of the cemetery corporation that the paragraph in question requires the executors to provide sufficient funds for the care in perpetuity of the entire 16-grave plot in which the decedent and her husband are buried.
A careful reading of the paragraph leads to the inescapable conclusion that the testatrix used the words “plot” and “ grave ” interchangeably and that her primary concern was for the care in perpetuity of the two graves in which she and her husband are buried. In addition, it is the opinion of this court that the testatrix’ direction to her executors “ to deposit with the said cemetery corporation such amount as in the opinion of her executors shall he proper, in trust, to expend the net income therefrom for the preservation, care and embellishment in perpetuity of the said plots ” (emphasis added) gives to the executors complete discretion as to the amount to be deposited with the cemetery corporation for perpetual care. As the executors consider the amount demanded by the cemetery corporation as excessive and as the cemetery corporation refuses to accept a lesser amount for the care in perpetuity of the two graves in which the decedent and her husband are buried, the o.xecutors are relieved from the necessity of making any provision for the care in perpetuity requested by the testatrix unless the cemetery corporation now agrees to accept a sum of money sufficient to provide for the care in perpetuity of the two graves in which the testatrix and her husband are buried.